Aponte Jiménez, Juez Ponente
*665 TEXTO COMPLETO DE LA RESOLUCION
La apelante, Autoridad de los Puertos (Autoridad), impugna, en el recurso instado, un dictamen emitido por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante el cual dicho foro acogió una solicitud para que se dictara la sentencia sumaria que presentó la demandante-apelada, Esperanza Soto Guzmán. En el mismo se ordenó, entre otras cosas, la reinstalación de ésta al puesto que ocupaba, o a uno similar en su clase, cuando fue cesanteada, más el pago de los haberes dejados de percibir durante el término de la cesantía. A la luz de los fundamentos que a continuación esbozamos, modificamos el dictamen apelado a los fines de excluir el remedio de reinstalación de la apelada al puesto ocupado al momento de la cesantía, por no proceder el mismo en el caso de empleados con nombramiento temporero como el de ésta, ausente una determinación de que la cesantía se debió exclusivamente a razones de discrimen político y excluir los haberes dejados de percibir después de la fecha límite de su nombramiento el 29 de agosto de 1988. Así modificado, se confirma.
Los hechos procesales no están en controversia. El 18 de octubre de 1998, la apelada instó una demanda sobre daños y peijuicios en contra de la Autoridad. Incluyó también como demandados en su carácter oficial y personal a los funcionarios Carlos Díaz Olivo, Hermán Sulsona Nieves, Betsabeth Guillani Silvestry, Héctor Rivera y Rafael Cabrera. Alegó que su despido fue discriminatorio por basarse en ideas políticas y en su nacionalidad dominicana. Sostuvo que el mismo se realizó en violación al artículo 105.4 del Reglamento de Personal de la Autoridad.
La Autoridad y los funcionarios demandados en su carácter oficial contestaron. Negaron las alegaciones medulares de la demanda. Estos últimos, con excepción de Hermán Sulsona Nieves, comparecieron en su carácter personal. Negaron lo alegado en la demanda, así como cualquier tipo de responsabilidad.
Celebrada una conferencia sobre el estado del caso, la apelada desistió en corte abierta de su reclamación en contra de los funcionarios demandados en su carácter personal. Como resultado, el foro de instancia dictó sentencia parcial final. Acogió el aludido desistimiento voluntario. Ordenó la desestimación y el archivo con perjuicio de la demanda en cuanto a las partes desistidas.
Posteriormente, la apelada solicitó que se dictara sentencia sumaria a su favor por haber sido cesanteada por la Autoridad sin cumplir con lo dispuesto en el artículo 105.4 de su Reglamento de Personal. Incluyó pmeba documental consistente en la carta notificándole la terminación de su nombramiento y la contestación de un interrogatorio notificado a la codemandada Betsabeth Guillani Silvestry.
La Autoridad se opuso a la solicitud de sentencia sumaria. No surge de los autos si anejó alguna declaración jurada y/o prueba documental. Admitió que para la fecha de la cesantía de la apelada, el nuevo Director Ejecutivo tomó varias medidas de austeridad y que sólo retuvo "aquellos empleados temporeros que [en] las diferentes áreas dijeron que necesitaban para continuar sin que se afectjase) su operación." Añadió que ”[s]obre los temporeros que se terminó su contrato, no se contempló retenerlos, ni reubicarlos, pues no se retuvieron por la situación fiscal y por sus puestos no ser necesarios." Referente a la terminación del nombramiento de la apelada, expresó que ”[t]oda área que no indicó que el puesto ocupado por un temporero era indispensable, se ordenó terminar dicho nombramiento." Véase, apéndice recurso, págs. 113j-113L, Oposición a Moción Solicitando se Dicte Sentencia Sumaria etc., presentado por la Autoridad ante el foro apelado.
*666 Esta última replicó. Incluyó varios documentos que acreditan su ciudadanía dominicana; la contestación a la demanda presentada por la Autoridad; documentos que demuestran su preparación académica; la carta de cesantía; su nombramiento temporero como secretaria administrativa IV que vencía en o antes del 29 de agosto de 1998; copia de los artículos 105.4 y 103.248 del Reglamento de Personal; copia de las páginas 29 y 30 del convenio colectivo suscrito entre la apelante y la Hermandad de Empleados de Oficina; y copia de la sentencia dictada por este mismo Foro en el caso núm. KLCE-99-00749, Marisol Ramos Collazo v. Autoridad de los Puertos. Por su parte, la Autoridad presentó una dúplica. Los autos tampoco reflejan si incluyó algún tipo de prueba con ese escrito.
Sometió, luego, copia de los siguientes documentos en apoyo de su solicitud de sentencia sumaria: 1) Reglamento de Personal; 2) Requerimiento de Admisiones fechado 1 de noviembre de 1999 y dirigido al señor Héctor Rivera; 3) Su contestación; 4) Segundo Requerimiento de Admisiones cursado el 21 de febrero de 2000 al señor Héctor Rivera y su contestación.
Así las cosas, el tribunal de instancia resolvió. Determinó que los siguientes hechos no estaban en controversia: La apelada nació el 15 de junio de 1952 en la ciudad de Santo Domingo, República Dominicana. Posee un Grado Asociado de Oficinista Administrativo del Puerto Rico Junior College y cuarenta y ocho (48) créditos conducentes a un Bachillerato en Administración de Sistemas de Oficina de la Universidad Metropolitana. Comenzó a trabajar en la Autoridad el 16 de julio de 1991, fue cesanteada por primera vez el 27 de abril de 1993 y reempleada el primero (Io) de julio de 1994. Durante los casi seis (6) años que trabajó, se desempeñó en diferentes puestos, siempre mediante nombramientos de carácter temporero o sustituto. Ocupó plazas tales como Oficinista II, Oficinista Dactilógrafo, Oficinista Taquígrafo, Encargada de Correspondencia y Secretaria Administrativa I y IV. Su último nombramiento se efectuó el 30 de agosto de 1997 como Secretaria Administrativa IV con un salario mensual de $1,725.00. Ese puesto estaba clasificado como gerencial, al igual que los otros ocupados anteriormente.
También concluyó que el 11 de mayo de 1998, el Director Ejecutivo de la Autoridad, Héctor Rivera, dirigió una carta a la apelada indicándole que efectivo el 15 de mayo de 1998 daba por terminado su nombramiento. No expresó la razón de ese proceder. Entre el primero (1) de mayo de 1998 y el 15 de febrero de 1999, la Autoridad cesanteó múltiples empleados que tenían nombramientos temporeros y/o sustitutos en posiciones gerenciales y unionadas para reducir un déficit operacional. Mantuvo trabajando a otras personas con igual tipo de nombramiento que la apelada con carácter temporero o sustituto. Se basó en que se necesitaban esos empleados para no afectar el funcionamiento de la agencia.
Determinó, asimismo, que la Autoridad procedió a cesantear a los empleados con nombramientos temporeros y sustitutos cuyas plazas no se necesitaban. No contempló la posibilidad de retenerlos, reubicarlos, ni estableció un plan de cesantías al decidir cuál de esos empleados iba a despedir. Tampoco consideró factores o criterios objetivos como eficiencia, asistencia, actitud general o antigüedad. La apelada, ni los empleados cesanteados fueron incluidos en un registro de elegibles, o en alguno otro equivalente para propósitos de un posible reingreso. Tampoco fueron certificados con prioridad sobre otras personas para efectos de poder reingresar a la agencia.
Añadió lo siguiente: La Autoridad es una corporación pública la cual funciona como empresa privada, por lo que no le aplica la Ley de Personal del Servicio Público de Puerto Rico, 3 L.P.R.A. see. 1301 et seq. Tiene vigente un Reglamento de Personal aplicable a los empleados gerenciales. Su artículo 105.4 dispone las razones para decretar las cesantías. La aducida en este caso, fue la falta de fondos. Dicho artículo establece el procedimiento a seguir para decretar una cesantía. No se aplicaron sus disposiciones al cesantear a los empleados temporeros incluyendo a la apelada, basándose en que para la separación de ellos, no se requiere un plan de cesantía. Por último, previo a su despido, la apelada no tuvo conocimiento de los factores que se habrían de considerar, si algunos, ni del procedimiento utilizado para determinar cuáles empleados serían cesanteados y cuáles no.
Apoyado en esas determinaciones, concluyó que la apelada era una empleada gerencial ocupando puestos *667 temporeros y/o sustitutos a quien le aplicaba el principio de mérito y le era, extensivo también, el Reglamento de Personal de Puertos. Afirmó que la Autoridad admitió en el requerimiento contestado no haber contemplado retener, ni reubicar los empleados objeto de la cesantía, por lo que evidentemente incumplió con lo dispuesto en el artículo 105.4 del Reglamento de Personal, el cual exige estudiar la posibilidad de retener a los empleados a ser cesanteados, ya sea mediante traslado, descenso u otro movimiento de personal. Decidió que la apelante violó el derecho de la apelada y el de los otros empleados temporeros cesanteados al no incluir sus nombres en el registro de elegibles y certificarlos con prioridad sobre otras personas para propósitos de reingreso en la agencia, todo ello de conformidad con el artículo 105.4(f) y el 103.248(c) de su reglamento.
Sostuvo que la admisión de la Autoridad referente a que las cesantías se basaron en que esos puestos no eran indispensables para la operación de la agencia, demuestra claramente que no realizó una evaluación objetiva sobre la eficiencia, asistencia, actitud general y antigüedad de los empleados, según requiere el artículo 105.4. Agregó que era necesario haber establecido y comunicado a los empleados un plan de cesantías previo a realizar las mismas. Finalmente, expuso que la Autoridad tampoco cumplió con su obligación de informarle a la apelada su derecho de apelar la cesantía, según exige el artículo 107.6 del aludido reglamento.
De conformidad con lo anterior, acogió la solicitud para que se dictara sentencia sumaria por incumplimiento del artículo 105.4 presentada por la apelada. Decretó que la cesantía era nula. Ordenó su reinstalación al puesto que ocupaba al momento de ocurrir dicho evento, o a uno similar en su clase, más el pago de los haberes dejados de percibir. Dictaminó también que la Autoridad cesara y desistiera de interferir con los derechos de la apelada al amparo del principio de mérito hasta que implemente un plan de cesantía y se cumpla con las disposiciones del artículo 105.4 del Reglamento de Personal y la jurisprudencia aplicable. Impuso a la apelante, el pago de las costas y cinco mil dólares ($5,000) en concepto de honorarios de abogado. De esa forma, dictó sentencia parcial final de conformidad con la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.5.
La Autoridad solicitó oportunamente enmiendas a las determinaciones de hechos y conclusiones de derecho. También reconsideración. La apelada se opuso y la Autoridad replicó. Posteriormente, el foro de instancia denegó la solicitud para enmendar las determinaciones de hechos y conclusiones de derecho. No se expresó en cuanto a la reconsideración. Inconforme, acude ante nos. Levanta el siguiente planteamiento:

"Erró el Honorable Tribunal de Primera Instancia en su determinación al concluir que la Autoridad de Puertos incumplió con las disposiciones del artículo 105.4 de su reglamento de personal, sin un desfile de prueba y utilizando el mecanismo de sentencia sumaria."

En apoyo de su tesis, argumenta que no violó lo dispuesto en el artículo 105.4, supra, pues se trata de un nombramiento temporero que concluyó al no existir necesidad en la agencia para mantenerlo y por razones económicas. Sostiene que para cesantear empleados con nombramiento temporero, no es necesario un plan de cesantía, ni plan de economía. Expone que el artículo 105.4 no lo requiere. Plantea que la apelada no tiene derecho a ubicarse en un registro de elegibles porque no era empleada de carrera. Señala también que ésta nunca demostró estar interesada y cualificada para los puestos que había necesidad de cubrir. Indica, además, que en cuanto a las plazas que cualificaba, no se estableció que algún empleado temporero haya sido retenido o reingresado luego de su cesantía.
La apelada compareció en autos. Se opone al recurso instado. Aduce que el Reglamento de Personal le aplica a los empleados con puestos gerenciales y que la Autoridad admitió que todos los ocupados por ella fueron gerenciales. Expone que en ninguna de las disposiciones de los artículos 105.4 y 103.248(c) se especifica que solamente los empleados de carrera estarán protegidos por dicho Reglamento cuando se decreten las cesantías por razones económicas. Plantea que nuestro ordenamiento exige tener y cumplir con un plan de cesantía cuando se pretende separar del servicio a cualquier empleado por eliminación de su puesto por falta de fondos. Aduce que procedía dictar sentencia sumaria a base de las admisiones de la apelante. Somete con su escrito copia de su nombramiento temporero expedido por la Autoridad el 2 de septiembre de 1997 con fecha de efectividad de 30 de agosto de 1997 y vencimiento para "en o antes del 29 de agosto de 1998". Véase, pág. 46 apéndice "Alegato de la *668 Recurrida".
De entrada, destacamos que la Regla 36.3 de Procedimiento Civil dispone que: "la sentencia [sumaria] solicitada se dictará inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios, y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente...". 32 L.P.R.A. Ap. III, R. 36.3; Luán Investment Corp. v. Rexach Const. Co., Inc., 2000 J.T.S. 196, pág. 552.
Para derrotar una moción de sentencia sumaria, la parte promovida deberá presentar declaraciones juradas y documentos que pongan en controversia los hechos presentados por el promovente. Esa evidencia debe ser tan detallada y específica como lo hubiere hecho dicha parte. Regla 36.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.5; Corp. Presiding Bishop v. Purcell, 117 D.P.R. 714 (1986). Si se cruza de brazos, corre el riesgo de que le dicten sentencia en su contra sin la celebración de un juicio en su fondo.
Al evaluar la solicitud, el tribunal analizará los documentos que acompañan la moción solicitando la sentencia sumaria, aquellos incluidos con la moción en oposición y los que obren en el expediente. Luán Investment Corp. v. Rexach Const. Co., Inc., supra, pág. 553. Determinará también si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. PFZ Properties v. General Accidents, 136 D.P.R. 881 (1994). Presumirá ciertos los hechos no controvertidos que se hacen constar en los documentos y declaraciones juradas admisibles que se acompañan con la moción. Corp. Presiding Bishop v. Purcell, supra, pág. 721. Toda inferencia que se haga a base de los hechos y documentos que obren en los autos, debe tomarse desde el punto de vista más favorable al promovido. M.A.S., Corp. v. E.L.A., 2000 J.T.S. 189, págs. 440-441.
La apelante es una corporación pública del Estado Libre Asociado de Puerto Rico, 23 L.P.R.A. see. 333. Por disposición de ley, se le autorizó a regular los asuntos de personal mediante reglamento teniendo siempre presente que debe cumplir con el principio de mérito establecido en la Ley de Personal del Servicio Público de Puerto Rico. 23 L.P.R.A. see. 337. A esos efectos, aprobó un Reglamento de Personal el 19 de septiembre de 1990. Según dispone el artículo 100.23, el mismo es aplicable a los empleados gerenciales.
De otra parte, el artículo 105.4 del aludido reglamento gobierna las cesantías. En su inciso (a) define las mismas como la separación de un empleado por causas ajenas a su voluntad que no constituya suspensión o destitución. Establece en su inciso (b) que antes de decretarse una cesantía, "el Director Ejecutivo estudiará las posibilidades de retener al empleado, ya sea mediante traslado, descenso u otro movimiento de personal, siempre y cuando los empleados afectados reúnan los requisitos y las condiciones económicas de la agencia lo permitan". El inciso (e) expone las razones para decretar las cesantías. Estas son: 1) falta de fondos; 2) haberse terminado las necesidades de los servicios; 3) por interrupción de los servicios; 4) por incapacidad física o mental; y 5) por reorganización total o parcial de la Autoridad.
En cuanto al orden a seguirse en las cesantías, su inciso (d) dispone que se comenzará por los empleados temporeros y luego los sustitutos. Siguen los que están en período probatorio en el puesto en que ingresaron a la Autoridad y después los provisionales. En último lugar irán los empleados regulares. Señala también que serán factores a considerarse al determinar una cesantía, la eficiencia, la asistencia, la actitud general del empleado y la antigüedad. Apunta que en igualdad de condiciones, prevalecerá la antigüedad. Finalmente, su inciso (f) establece que los empleados cesanteados serán incluidos en el registro de elegibles correspondiente a su clase o en registros equivalentes y serán certificados con prioridad a los demás, según lo estipulando anteriormente en la Sección 103.248 (c). 
En el caso de autos, no está en controversia, a tenor de la prueba sometida, que el último nombramiento de la apelada vencía el 29 de agosto 1998 y que fue cesanteada efectivo el 15 de mayo de 1998. Dicha *669 actuación se basó en la determinación de qué ese puesto no era necesario para la operación de la Autoridad. Se desprende también que todos los puestos ocupados por la apelada desde septiembre de 1994, eran gerenciales. Igualmente que la Autoridad no siguió fielmente el procedimiento establecido en el artículo 105.4 en cuanto a la cesantía decretada. Referente a las razones específicas para dicha acción, la Autoridad contestó que fue por economía, "para mejorar la situación ¿le crisis presupuestaria en que se encuentra la Autoridad" y "por motivo de la situación financiera de Puertos". Finalmente, sobre las alternativas consideradas para retener, reubicar, transferir o nombrar a la apelada en algún puesto antes de despedirla, no expresó ninguna. Señaló en la contestación al interrogatorio sometídole que "por la situación fiscal, no se retuvo, se reubicó o nombró ningún empleado temporero", actuación ésta que admitió en su escrito en oposición a la sentencia sumaria solicitada por la apelada.
Apreciamos de todo lo anterior que no hay duda. La apelada fue cesanteada antes de vencer la fecha que vencía su nombramiento. No hay controversia de que a ésta le aplican las disposiciones del Reglamento de Personal de la Autoridad, incluyendo el artículo 105.4, por cuanto se desempeñaba en un puesto gerencial al momento de ser cesanteada. Tampoco hay disputa en cuanto a que la Autoridad no cumplió fielmente con el procedimiento dispuesto en el artículo 105.4. Según lo admitió, que las cesantías se basaron en que los distintos departamentos concluyeron que esos puestos no eran necesarios. Ello demuestra la carencia de un estudio objetivo siguiendo los criterios establecidos en el artículo 105.4 ante de decretar la cesantía.
Conforme a ello, procedía dictar sentencia sumaria a favor de la apelada. Para dar por terminado su nombramiento dentro del término límite de vigencia, la Autoridad estaba obligada a cumplir con el procedimiento que estableció en su Reglamento de Personal. Acepta que no lo hizo fielmente. No basta la existencia de una crisis fiscal por falta de fondos para validar automáticamente toda terminación de contrato. Es necesario decretarla conforme a las normas legales y trámites reglamentarios. Véase al respecto, Orta v. Padilla Ayala, 131 D.P.R. 227 (1992), pág. 242. En ese sentido, no incidió el foro de instancia.
Ahora bien, por el hecho de que fue ilegal la cesantía de la apelada por razón de no haber cumplido la Autoridad con el procedimiento reglamentario para tomar ese curso de acción, ello no conlleva su reinstalación al puesto que ocupaba. Por ser su nombramiento uno temporero a término fijo con un límite y estar vencida su vigencia, no está disponible la reinstalación. El remedio legal se limita al pago de los haberes dejados de percibir hasta el término de su nombramiento, más los daños y perjuicios que la actuación ilegal le haya causado, de probarse los mismos. Cf., Orta v. Padilla Ayala, supra, pág. 247. Claro está, cuando la cesantía responde exclusivamente a razones de discrimen político, entonces estará disponible a reinstalación como remedio. Aponte Burgos v. Aponte Silva, Opinión y Sentencia de 7 de mayo de 2001. 
Finalmente, en cuanto a los planteamientos presentados por la Autoridad, sólo resta indicar que los autos reflejan su incumplimiento con el artículo 105.4. No es persuasivo su argumento de que no lo violó. De otra parte, independientemente de que el artículo 105.4, supra, no haga referencia específica a un plan de cesantía, el mismo establece un procedimiento particular. El mismo debe seguirse cuando se va a cesantear a los empleados sin distinción de que se trata de temporeros y/o sustitutos. Era su obligación contemplar la posibilidad de retener o reubicar a la apelada. Considerar, igualmente, factores objetivos al tomar la decisión que incluyen el descenso u otro movimiento de personal. Cabe señalar que una vez promulgado un reglamento, existe la obligación de cumplir con sus disposiciones. Hernández Chiquez v. C.F.S.E., 2001 J.T.S. 1, pág. 639; Asoc. Vec. H. San Jorge v. U. Med. Corp., 2000 J.T.S. 21, pág. 563.
Por los fundamentos antes expuestos, resolvemos que incidió el tribunal de instancia al dictar sentencia sumaria por incumplimiento con el artículo 105.4 del Reglamento de Personal bajo las circunstancias presentes. Empero, a tenor de lo expresado, procede que se modifique dicho dictamen a los únicos fines de eliminar el remedio de reinstalación al puesto ocupado por la apelada al momento de la cesantía y los haberes dejados de percibir después de vencido su nombramiento el 29 de agosto de 1998, debiéndose descontar todos los sueldos que devengó durante dicho período provenientes de labores realizadas en el gobierno, sus agencias, *670 municipalidades o cualesquiera otras instrumentalidades públicas. Así modificada la sentencia apelada, se confirma en cuanto al resto.
Lo acuerda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2002 DTA 8
1. La Autoridad es una entidad que funciona como una empresa o negocio privado, por lo que no le aplican las disposiciones de la Ley de Personal del Servicio Público de Puerto Rico, 3 L.P.R.A. see. 1301 et seq., ni las del Reglamento de Personal: Areas Esenciales al Principio de Mérito (Reglamento Núm. 2186) aprobado por la Oficina Central de Administración de Personal. Véase, 3 L.P.R.A. see. 1338(3) y el artículo 3 del Reglamento Núm. 2186.
2. La Sección 103.248(c) estatuye que "[e]l orden de los nombres en el registro de reingreso se establecerá a base de la fecha en que se reciba la solicitud de reingreso por escrito. Aquellas personas que fueron separadas de sus puestos por cesantías, tendrán prioridad sobre las demás".
3. Véase, carta de nombramiento temporero y carta de cesantía, apéndice de la oposición al recurso de apelación, págs. 45-46.
4. Véase, Oposición a Sentencia Sumaria, apéndice del recurso de apelación, pág. 113(1).
5. Véase, Requerimiento de Admisiones dirigido a su Director Ejecutivo, Héctor Rivera, inciso #21 y su contestación, apéndice del recurso de apelación, págs. 157 y 183.
6. Véase, Segundo Requerimiento de Admisiones dirigido a dicho Héctor Rivera, inciso #23 y su contestación, apéndice del recurso de apelación, págs. 166 y 178.
7. Véase, interrogatorio cursado a Betsabeth Guillani Silvestry, Jefe de Relaciones Públicas, inciso #l(h) y #20, y su contestación, apéndice del recurso de apelación, págs. 107 y 111; 110 y 112.
8. Véase, interrogatorio cursado a Betsabeth Guillani Silvestry, inciso #19, y su contestación, apéndice del recurso de apelación, págs. 110 y 112.
9. Es este caso se resolvió por el Tribunal Supremo que los empleados públicos transitorios están protegidos por la Constitución del Estado Libre Asociado de Puerto Rico contra el discrimen político-partidista, aun cuando no tengan de otro modo expectativa alguna de continuidad en el empleo. El remedio disponible se determinará caso a caso haciendo un balance entre la necesidad de reparar la conducta de discrimen político y el interés público de no trastocar el carácter temporero del empleado transitorio. Por ello, si la autoridad nominadora falla en demostrar que su decisión no respondió exclusivamente a razones de discrimen político, entonces debe restituirse el empleado temporero a su cargo por el período de tiempo por el cual había sido contratado originalmente. Asimismo, tendrá derecho a indemnización por los daños, si algunos, que pueda haber sufrido como resultado de la cesantía.